# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DAVID PRIESTER,**
**DOC # E59730,**

    **Plaintiff,**

vs.                                                         Case No. 4:24cv339-AW-MAF

**SCOTT S. HARRIS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a state prisoner incarcerated in the Florida Department of Corrections. He initiated this case in April 2024 by filing a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2, in the Pensacola Division of this Court. Plaintiff subsequently filed an amended in forma pauperis motion, ECF No. 5, which was granted in an Order entered by United States Magistrate Judge Zachary C. Bolitho. ECF No. 6.

After Plaintiff submitted payment of the assessed initial partial filing fee, ECF No. 10, Judge Bolitho transferred this case to this Court, finding that the only named Defendant located in the Northern District of Florida

was Governor DeSantis, who is in Tallahassee, and not within the territorial jurisdiction of the Pensacola Division.  ECF No. 11.  The transfer order has been received, ECF No. 12, and this case has been opened for Plaintiff.

The undersigned has now reviewed the docket, and Plaintiff's complaint, ECF No. 1.  Notably, Plaintiff acknowledged having filed three prior cases in New York which were dismissed as frivolous, malicious, for failure to state a claim, or prior to service.  ECF No. 1 at 14.  Plaintiff listed a prior case filed against Adam Freedman in the Southern District of New York, another case against Thomas Cloniger filed in the Western District of New York, and a case against Glassman in the Northern District of New York.  *Id.*  Plaintiff did not provide any case numbers for those cases, but the Court has taken an independent review of Plaintiff's litigation history to determine if Plaintiff was entitled to proceed with in forma pauperis status.[1]

In September 1997, Plaintiff David Priester, inmate # 99-A-6643 of the Orleans Correctional Facility, filed case number 1:97cv06846 in the

---

[1] The in forma pauperis statute provides:  "In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Therefore, it is not simply about lacking sufficient resources to pay the filing fee.

Southern District of New York. It was dismissed on September 16, 1997, under 28 U.S.C. § 1915(d), and the Court certified that any appeal would not be taken in good faith. That dismissal counts as Plaintiff's first "strike" under 28 U.S.C. § 1915(g).

In June 2003, Plaintiff filed case number 1:03cv04728 against Adam Freedman. Plaintiff acknowledged that case within the instant complaint. Even though the Southern District of New York's docket indicates, incorrectly, that his inmate number is 399-A-6643 instead of 99-A-6643, and even though that court misspelled his surname as Priesteer, it is apparent that the case was filed by the same David Priester who initiated this case.[2] Plaintiff's complaint was dismissed because it failed to state a claim pursuant to 28 U.S.C. § 1915(e)(3). ECF No. 3 of that case. That counts as Plaintiff's second "strike" under 28 U.S.C. § 1915(g).

Plaintiff's appeal of that dismissal, which is case number 03-246, also likely counts as a strike. The court docket does not, however, fully explain

---

[2] The Court is confident the case was filed by the same Plaintiff David Priested because Plaintiff acknowledged that case in this case, he was incarcerated in the Upstate Correctional Facility at the time of filing case number 1:03cv04728, and this Court has confirmed Plaintiff David Priester previously was housed at the Upstate facility when he filed case number 1:03cv0368. Additionally, the docket shows Plaintiff was also known as "James Thomas," and Plaintiff acknowledge his use of that name in this case. *See* ECF No. 1 at 2.

the basis for dismissal and the appellate order is not accessible online. Nevertheless, Plaintiff[3] also filed case number 1:03cv0368 in the Western District of New York. It was dismissed less than a month after case initiation, prior to service, on May 14, 2003. Again, the docket does not clearly indicate why the case was dismissed, and the order of dismissal is not accessible online.

However, the Honorable Loretta A. Presa, Chief United States District Judge in the Southern District of New York, entered an Order to Show Cause in case number 1:13cv07039 which listed case number 1:03cv0368 as having been dismissed for failure to state a claim and reported that Plaintiff's appeal in case number 03-0246 was "dismissed as frivolous." ECF No. 8 of that case. Plaintiff's response to the Order to Show Cause was insufficient and, therefore, case number 1:03cv0368 counts as Plaintiff's third "strike" and the appeal in case number 03-0245 counts as Plaintiff's fourth "strike."

As a result, Plaintiff was found to have "three strikes" and was barred from proceeding under § 1915(g) in the Southern District of New York.

---

[3] At that time, Plaintiff was housed in the Upstate Correctional Facility in Malone, New York. His inmate number was: 99-A-6643.

ECF No. 11 of case # 1:13cv07039. In light of this review, it is now apparent that Plaintiff was not entitled to in forma pauperis status in this case either. Indeed, Plaintiff acknowledge that up front in his complaint. ECF No. 1 at 14.

Therefore, Plaintiff was only entitled to in forma pauperis status under § 1915(g) if he presented allegations within the complaint to show he faced "imminent danger." Plaintiff's complaint is brought against various clerks of court across the United States, Governor Ron DeSantis, White House Correspondent Kelly O'Donnell, and the Post Master General. ECF No. 1 at 1-5. No person named as a Defendant can possibly put Plaintiff in imminent danger because they are not located with him. There are no factual allegations which reveal how these Defendants have violated Plaintiff's rights, much less placed him in danger. Accordingly, Plaintiff was not entitled to proceed with in forma pauperis status, and Plaintiff knew it.

The well established rule in the Eleventh Circuit is that a prisoner is not entitled to arrange for payment of a filing fee after his motion for in forma pauperis status is denied. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); *see also* Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that after three meritless suits, "the prisoner must

pay the full filing fee at the time he initiates suit."). The filing fee must be paid at the time of case initiation. <u>Dupree</u>, 284 F.3d at 1236. In light thereof, the Order granting Plaintiff's motion for in forma pauperis status should be vacated, Plaintiff's initial partial filing fee should be refunded, and this case should be dismissed.

### RECOMMENDED

It is respectfully **RECOMMENDED** that the Order granting Plaintiff leave to proceed in forma pauperis, ECF No. 6, be **VACATED**, that Plaintiff be **DENIED** leave to proceed in forma pauperis, ECF Nos. 2 and 5, the initial partial filing fee be **RETURNED** to Plaintiff, and this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 26, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**